UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: ) | | |
| ) | Case No.: 18-00526-5-JNC | |
| MICKEY L. FAISON ) | | |
| TONYA FAISON, ) | | |
| ) | | |
| Debtors. ) | Chapter 13 | |
| _____) | | |
| ) | | |
| MICKEY L. FAISON ) | | |
| TONYA FAISON, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| LUNDQUIST CONSULTING, LLC ) | | |
| 13/7, LLC, ) | Adv. Proc. No.: _____ | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

## COMPLAINT IN ADVERSARY PROCEEDING

NOW COME plaintiffs herein, by and through counsel, and thus complaining of the acts of defendants herein, and allege and say as follows:

### INTRODUCTION

1.  The plaintiffs bring this adversary proceeding to recover for plaintiffs' actual damages incurred in objecting to the proof of claim (Claim #7) filed by defendants Lundquist Consulting, LLC and 13/7, LLC and for statutory damages authorized under the Fair Debt Collections Practices Act (FDCPA)(15 U.S.C. § 1692 *et seq.*) and the North Carolina Prohibited Practices by Collection Agencies (PPCA) as set forth in Article 70 of Chapter 58 of the General Statutes of North Carolina.

2. The plaintiffs allege in further detail below that Lundquist Consulting, LLC (hereinafter "Lundquist") and 13/7, LLC (hereinafter "13/7") filed a proof of claim for a "payday" loan that was and is illegal in North Carolina and thus does not constitute a "claim" within the meaning of 11 U.S.C. § 101(5)("right to payment"). The defendants' action of filing a proof of claim for an illegal "payday loan" and seeking payment through the debtors' chapter 13 plan is a "false", "misleading", "deceptive" and "unfair" representation as to the character of the alleged debt. Plaintiffs allege that defendants also sought to collect interest that was usurious or otherwise unauthorized under applicable law. These actions by defendants violate the Fair Debt Collections Practices Act and the North Carolina Prohibited Practices by Collection Agencies.

3. This Court has previously determined that defendants did not have a "right to payment" for a "claim" under the Bankruptcy Code in the Order Disallowing Proof of Claim #7 (DE #17) because defendants sought collection on an illegal payday loan and void *ab initio* pursuant to N.C. Gen. Stat. § 53-166(d). Plaintiffs contend that *Midland Funding, LLC v. Johnson*, ___ U.S. ___, 137 S.Ct. 1407 (2017) is not applicable to the facts of this case.

## JURISDICTION AND VENUE

4. This action is a statutory core proceeding under 28 U.S.C. § 157(b)(2)(C) and a non-core constitutional proceeding under *Stern v. Marshall*, 564 U.S. 462 (2011) and is a matter arising in a case under Title 11 of the United States Code. To the extent that this Court determines that this is a non-core proceeding, plaintiffs consent to this Court exercising jurisdiction over this matter.

5. This Court has jurisdiction under 28 U.S.C. §§ 157(b) and 1334 and venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. The plaintiffs are residents of Sampson County, North Carolina, in the Eastern District of North Carolina, and are debtors in a chapter 13 bankruptcy case having filed for bankruptcy protection on February 5, 2018.

7. The defendant Lundquist Consulting, Inc. is a corporation organized and existing under the laws of the State of California and may be served with process upon its registered agent, Corporation Service Company doing business as CSC-Lawyers Incorporating Service at 2710 Gateway Oaks Drive, Ste. 150N, Sacramento, CA 95833-3502.

8. The defendant 13/7, LLC is a limited liability company organized and existing under the laws of the State of Delaware and may be served with process upon its registered agent, United States Corporation Agents, Inc., at 300 Delaware Avenue, Ste. 210-A, Wilmington, DE 19801.

## FACTUAL ALLEGATIONS

9. The plaintiffs filed a case seeking bankruptcy protection under chapter 13 of the United States Bankruptcy Code[1] on February 5, 2018.

10. As required under § 521 of the Code, plaintiffs submitted a list of their creditors; a schedule of assets and liabilities and other required documents to the Bankruptcy Court.

---

[1] Plaintiffs will refer to Title 11 of the United States Code as "the Bankruptcy Code" or "the Code" and cite the provisions of the Code by the section number. Statutory references to provisions other than that contained in the Bankruptcy Code will be cited in full.

11. In the plaintiffs' schedules, the plaintiffs listed two "payday" lenders (Max Lend and Spot Loan) as creditors but also listed the claims as "disputed."

12. The defendant 13/7, LLC was not listed as a creditor of either of plaintiffs herein nor was "CheckSmart" which was a name under which the defendants' alleged payday loan may have been made.

13. The plaintiffs filed their chapter 13 plan and based on their income and the plaintiffs' allowed expenses determined under § 1325(b)(3), plaintiffs expect that their unsecured creditors will receive a substantial dividend in payment on their debts.

14. On March 5, 2018, defendant Lundquist Consulting filed a proof of claim (Claim #7) on behalf of defendant 13/7, LLC seeking to collect $346.00. *See* Exhibit "A" attached hereto and incorporated by reference.

15. The proof of claim states that the creditor may have used the name of "CheckSmart" with the plaintiffs herein and that defendant 13/7, LLC acquired the account from Plaza Services, LLC.

16. The proof of claim further states that the amount sought ($346.00) includes interest, fees, expenses or other charges but such amount is not itemized as required under Rule 3001(c)(2)(A) of the Federal Rules of Bankruptcy Procedure.

17. Shortly after 13/7's proof of claim was filed by Lundquist Consulting, the plaintiffs received a copy of the proof of claim for their review. After reviewing the proof of claim, neither plaintiff recognized the obligation and concluded that it may be a "payday" loan.

18. Because the plaintiffs did not recognize this claim, on March 26, 2018, plaintiffs filed an "Objection to Proof of Claim" as authorized by Rule 3007 of the Federal Rules of Bankruptcy Procedure. The plaintiffs asserted in their objection that, among other things, the alleged debt claimed in 13/7's proof of claim was a loan subject to regulation under the North Carolina Consumer Finance Act (NCCFA) and 13/7's alleged "predecessor-in-interest" made this loan in violation of the NCCFA.

19. On May 2, 2018, the bankruptcy court entered an order sustaining plaintiff's Objection to Proof of Claim #7 determining that the alleged loan was made in violation of the NCCFA and was void *ab initio* pursuant to N.C. Gen. Stat. § 53-166(d).

20. As allowed under the Local Rules of this Court, plaintiffs' bankruptcy counsel then sought additional attorney's fees to be paid by plaintiffs herein through their chapter 13 plan for objecting to the proof of claim filed by Lundquist Consulting on behalf of 13/7, LLC.

**FIRST CLAIM FOR RELIEF**
*(Violation of the FDCPA)*

21. The plaintiffs reallege and incorporate paragraphs 1 through 20 by reference as if the paragraphs were fully set out herein.

22. The plaintiffs are "consumers" within the meaning of 15 U.S.C. § 1692a(3) in that both are natural persons and both plaintiffs are persons allegedly obligated to pay the debt claimed owed by defendants herein.

23. Upon information and belief, defendant 13/7, LLC is a debt collector within the meaning of 15 U.S.C. § 1692a(6) and uses means of interstate commerce such as having proofs of claim filed on its behalf in various bankruptcy courts across the country and, upon information and belief, regularly attempts to collect debts or seeks to collect debts it allegedly owns and acquired after the debts or alleged debts were in default was set forth under 15 U.S.C. § 1692a(6)(F)(iii).

24. Plaintiffs further allege that 13/7, LLC is a debt collector acquiring debts in default because 13/7, LLC says in the proof of claim attached hereto as Exhibit "A" that it acquired the claim from Plaza Services, LLC. Upon information and belief, Plaza Services, LLC is a debt buyer and is a member of Receivables Management Associates (formerly known as Debt Buyers Association International) as a "certified debt buyer. Additionally, debt buyers seeking to collect in North Carolina are required to register with the North Carolina Department of Insurance as a "collection agency" and Plaza Services, LLC has registered as a "collection agency" with the North Carolina Department of Insurance.

25. Plaintiffs allege that Lundquist Consulting is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) because it regularly seeks to collect debts for others by, among other things, filing proofs of claims on behalf of others which constitutes "debt collection activity". *See Dubois v. Atlas Acquisitions, LLC (In re: Dubois)*, 834 F.3d 522, 528 (4th Cir. 2016).

26. In addition to the proof of claim filed by Lundquist Consulting on behalf of 13/7, LLC in plaintiffs' underlying bankruptcy case, Lundquist has filed proofs of claim in cases across the country for 13/7, LLC and other entities.

According to PACER, Lundquist Consulting may have filed 129 proofs of claim for 13/7, LLC in bankruptcy courts across the country.

27. Upon information and belief, Lundquist Consulting files proofs of claims for other entities including but not limited to Antero Capital, LLC and engages in other debt collection activities to such an extent that it is a "debt collector" within the meaning of the 15 U.S.C. § 1692a(6).

28. Plaintiffs further allege that the debt sought to be collected by 13/7, LLC through Lundquist Consulting filing a proof of claim is alleged to be a "payday" loan and that such loans are consumer debts within the meaning of 15 U.S.C. § 1692a(5).

29. By seeking to collect on a "payday" loan through the debt collection activity of filing a proof of claim, 13/7, LLC and Lundquist Consulting violated 15 U.S.C. §1692e by making "false" and "misleading" representations that a debt is owed.  In addition to the general prohibition, 15 U.S.C. § 1692e(2)(A) prohibits a "false representation of the character, amount or legal status of any debt[.]"

30. This alleged loan that is subject to regulation under the North Carolina Consumer Finance Act and made in violation thereof is void *ab initio* and cannot be the basis of a "right to payment" or "claim" in a bankruptcy case which makes the proof of claim filed by Lundquist Consulting on behalf of 13/7, LLC "false" and "misleading" because it implies that a legal obligation is owed by plaintiffs herein when none is in fact owed.  *See* N.C. Gen. Stat. § 53-166(d).

31. In addition, 13/7, LLC and Lundquist Consulting seek interest and allege that interest is part of the claim owed. *See* Line #7 of Exhibit A attached hereto and incorporated by reference.

32. Typically in payday loans, a loan is made and payment is due at the obligor's next payday. Typical pay periods for by which an alleged obligor on a payday loan may be paid are every week; every two weeks or every month.

33. The North Carolina Consumer Finance Act regulates the interest that may be charged on regulated lenders licensed to make loans in this state under the Act. The maximum rate of interest that may be charged on a loan of less than $4,000.00 is 30% and prior to 2013 before the statute was amended, the maximum rate of interest was 36%. *See* N.C. Gen. Stat. § 53-176(a)(1).

34. Though the proof of claim does not specify what is interest and what is principal (yet claims interest is included), assuming that a loan in the amount of $300.00 was made and $346.00 was due (the amount claimed in the proof of claim), the approximate interest rates would greatly exceed that allowed under the North Carolina Consumer Finance Act for any typical given pay period. As an example,

|  | Loan Date | Loan Amt | Date Paid | Amt Paid | APR |
|---|---|---|---|---|---|
| *1 wk* | 8/3/2018 | $300 | 8/10/2018 | $346 | 797% |
| *2 wks* | 8/3/2018 | $300 | 8/17/2018 | $346 | 398% |
| *1 mth* | 8/3/2018 | $300 | 9/3/2018 | $346 | 184% |

35. That charging interest and seeking to collect such interest at rates greatly exceeding any allowed maximum under applicable state law and without setting forth the amount of interest claimed so the plaintiffs and other parties charged with the responsibility of reviewing proofs of claim can adequately review

the claim is an "unfair practice" in violation of the general prohibition set forth at 15 U.S.C. § 1692f and in violation of the particular prohibition set forth at 15 U.S.C. § 1692f(1).

36.     The plaintiffs have suffered damages as a result and proximate cause of defendants' violations of the Fair Debt Collection Practices Act including but not limited to the additional attorney's fees claimed by plaintiffs' bankruptcy counsel as an administrative claim and allowed under § 503 of the Code and required to be paid in full as part of the plaintiffs' chapter 13 plan.

37.     In addition to the actual damages, plaintiffs are entitled to recover $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2).

38.     In addition, plaintiffs are entitled to recover their attorney's fees from defendants as allowed under 15 U.S.C. § 1692k(a)(3).

SECOND CLAIM FOR RELIEF
*(Violation of North Carolina's PPCA)*

39.     Plaintiffs reallege and incorporate Paragraphs 1 through 38 by reference as if set forth fully herein.

40.     Plaintiffs are "consumers" within the meaning of N.C. Gen. Stat. § 58-70-90(2).

41.     Defendant 13/7, LLC is a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-15 and § 58-70-90(1) in that it is a "debt buyer" and acquires debts that are delinquent or charged off and seeks to collect on those debts.

42.     Defendant Lundquist Consulting, Inc. is a "collection agency" within the meaning of N.C. Gen. Stat. §58-70-15 and § 58-70-90(1) in that it engages in

directly or indirectly asserting, enforcing or prosecuting delinquent claims from others by the filing of proofs of claims and, upon information and belief, other collection activities.

43. By filing a proof of claim which is debt collection activity, defendants 13/7, LLC and Lundquist Consulting have asserted an alleged debt is due and owing from plaintiffs herein. *See Dubois v. Atlas Acquisitions, LLC (In re: Dubois),* 834 F.3d 522, 528 (4th Cir. 2016).

44. As alleged in the preceding paragraphs, the alleged payday loan allegedly made to plaintiffs herein is governed by the North Carolina Consumer Finance Act and loans made in violation of the NCCFA are void *ab initio* so there can be no "right to payment" constituting a "claim" under § 101(5) of the Bankruptcy Code. *See* N.C. Gen. Stat. § 53-166(d).

45. Because the alleged debt allegedly owed to 13/7, LLC and Lundquist Consulting is void *ab initio,* defendants have violated the general prohibitions of N.C. Gen. Stat. § 58-70-110 by engaging in a "fraudulent, deceptive or misleading" representation that a debt is owed. Additionally, defendants violated the specific prohibition set forth at § 58-70-110(4) by "falsely representing the character, extent or amount of a debt against a consumer".

46. The defendants have engaged in "unfair practices" within the meaning of N.C. Gen. Stat. § 58-70-115 as alleged herein. Defendants have further violated the specific provisions of § 58-70-115(2) by seeking to collect interest that greatly exceeds the amount allowed by law.

47. Upon information and belief, defendants violated N.C. Gen. Stat. § 58-70-115(5) in that 13/7, LLC is a debt buyer and Lundquist Consulting is a collection agency acting on behalf of 13/7, LLC and instituted "debt collection" activity without having "reasonable verification" of the debt including documentation of the name of the original creditor; a copy of the contract or other document evidencing the consumer debt and an itemized accounting of the amount claimed to be owed.

48. The actions of 13/7, LLC and Lundquist Consulting as alleged above are in and affect commerce.

49. Plaintiffs have been damaged because plaintiffs have incurred attorney's fees to object to the proof of claim and such fees will be paid as an administrative claim through plaintiffs' bankruptcy plan out of plaintiffs' future earnings or estate property.

50. Plaintiffs' damages are proximately caused by defendants' actions.

51. The defendants are liable to plaintiffs herein for violating the North Carolina PPCA for plaintiffs' actual damages and for statutory damages of not less than $500.00 nor more than $4,000.00 per violation pursuant to N.C. Gen. Stat. § 58-70-130(b) and a reasonable attorney's fee.

WHEREFORE, plaintiffs prays this Court for the following relief:

1. That this Court award damages arising from defendants' actions as determined by this Court;

2. That this Court award plaintiffs the statutory damages authorized by 15 U.S.C. § 1692k in the amount of $1,000.00 each;

    3.    That this Court award plaintiffs the statutory damages authorized by N.C. Gen. Stat. § 58-70-130 in the amount of not less than $500.00 nor more than $4,000.00 for each plaintiff and for each violation of the North Carolina PPCA;

    4.    That this Court award a reasonable attorney's fee as allowed under 15 U.S.C. § 1692k and N.C. Gen. Stat. § 75-16.1;

    5.    For such other and further relief as this Court deems just and proper.

This the 13th day of August, 2018.

**LAPAS LAW OFFICES, PLLCS**

By:   *s/ Adrian M. Lapas*
      Adrian M. Lapas
      Attorney for Plaintiffs
      Post Office Box 10688
      Goldsboro, NC  27532
      Telephone:  (919) 583-5400
      Facsimile: (919)  882-1777
      N.C. State Bar No.:  20022

**EXHIBIT "A"**

| Fill in this information to identify the case: |
|---|

| Debtor 1 | MICKEY L FAISON |
|---|---|
| Debtor 2 (Spouse, if filing) | TONYA FAISON |

United States Bankruptcy Court for the: EASTERN District of NORTH CAROLINA

Case number  18-00526

Official Form 410

# Proof of Claim
04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
13/7, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor  CHECKSMART

**2. Has this claim been acquired from someone else?**
☐ No
☒ Yes.   From whom?  Plaza Services, LLC

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

13/7, LLC
Name

PO BOX 1931
Number       Street

Burlingame CA 94011
City            State        ZIP Code

Contact phone  650-288-3851

Contact email  13-7POC@lciinc.com

Where should payments to the creditor be sent? (if different)

Name

Number       Street

City            State        ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**
☒ No
☐ Yes.   Claim number on court claims registry (if known) _____     Filed on _____
                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes.   Who made the earlier filing? _____

Official Form 410                                 **Proof of Claim**                                 page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 7225 ____ ____ ____

**7. How much is the claim?** $ 346.00_____. Does this amount include interest or other charges?

☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**

☒ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property**: $_____
**Amount of the claim that is secured:** $_____
**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____ %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☒ No
☐ Yes. Identify the property: _____

Official Form 410      **Proof of Claim**      page 2

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☒ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  03/05/2018
                  MM / DD / YYYY

            /s/ Larry Yip
            Signature

**Print the name of the person who is completing and signing this claim:**

Name          Larry Yip
              First name         Middle name              Last name

Title         POC Operations Analyst

Company       Lundquist Consulting Inc.
              Identify the corporate servicer as the company if the authorized agent is a servicer.

Address       PO BOX 1931
              Number      Street
              Burlingame CA 94011
              City                        State       ZIP Code

Contact phone  650-288-3851              Email    lyip@lciinc.com

Official Form 410                  **Proof of Claim**                         page 3

# STATEMENT OF ACCOUNTS

**STATEMENT DATE:** 03/05/2018

**CASE NUMBER:** 18-00526

**DEBTOR:** MICKEY L FAISON
TONYA FAISON

**DEBTOR'S REDACTED ACCOUNT NUMBER:** xxxx-xxxx-xxxx-7225

**CURRENT CREDITOR:** 13/7, LLC
PO BOX 1931
Burlingame CA 94011

**BALANCE CLAIMED:** $346.00

| | |
|---|---|
| PRINCIPAL OWED | $346.00 |
| INTEREST: | $0.00 |
| FEES: | $0.00 |
| EXPENSES: | $0.00 |
| OTHER CHARGES: | $0.00 |
| | $346.00 |

Original Entity: CHECKSMART
Account open date: 02/16/2007

Date of last transaction: 02/16/2007
Date account charged off: 10/28/2014

Document ID: PLZ2018030591357225F00